PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 25400 EUCLID AVENUE, LLC, | ) | CASE NO. 1:08CV01865 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** (Resolving ECF Nos. 145, 146, |
| Defendants. | ) | 147, & 148) |

This action is before the Court upon the motion for partial summary judgment filed by

Plaintiff 25400 Euclid Avenue, LLC ("25400 Euclid") (ECF No. 145) and the cross-motions for

summary judgment filed by Intervening Plaintiff Pappas Family, LLC ("Pappas Family") (ECF

No.146); Defendant/Third-Party Plaintiff Nevada LNV Corporation ("Nevada LNV") (ECF No.

147); and Third-Party Defendant Emerald Glen Title Agency, Ltd. ("Emerald Glen") (ECF

No.148).

This matter was referred to Magistrate Judge Baughman for general pretrial supervision.[1]

*See* ECF No. 87.  Among other things, while carrying out that hefty referral, despite the Parties'

failure to submit stipulated facts as had been ordered and to assist in the scheduling of oral

argument, Magistrate Judge Baughman issued a Report and Recommendation, in an attempt to

resolve the dispositive motions listed above, suggesting that Nevada LNV's motion be granted in

part and that all other motions be denied as moot.  ECF No. 201.  All movants filed objections to

---

[1]  The referral was made by then District Judge Kathleen O'Malley.  ECF No. 87.  After
Judge O'Malley's elevation to the Federal Circuit Court of Appeals, on January 20, 2011, the
already mature case was reassigned to the docket of the undersigned who left in place the
referral.

(1:08CV01865)

the Report and Recommendation.  *See* ECF Nos. 207-210 and 216-220.  The Court has reviewed each of the relevant pleadings.

## I.  Background

The instant matter emanates from the ownership and myriad transfers and encumbrances of Richmond Towers, an apartment complex located at 25400 Euclid Avenue in Euclid, Ohio. ECF No. 34 at 2 (amended complaint).  While, as discussed further below, there is no agreement to the material facts in this case, the following appears to fairly represent the allegations before the Court.

In 2007, Plaintiff 25400 Euclid sold Richmond Towers to Defendant Universal Restaurant Holdings, LLC ("Universal")–a company of which Claude Harris owned ninety-two percent (92%) and the Pappas Family owned eight percent (8%), pursuant to the terms of a Sales Agreement, Cognovit Note, and Unit Pledge Agreement.  *See* ECF Nos. 34; 145-1 at 6; 145-5 (Sales Agreement); 145-6 (Unit Pledge Agreement).  After closing on the property, the parties resolved several disagreements by entering into a Settlement Agreement and an Amended and Restated Cognovit Promissory Note.  *See* ECF Nos. 34 at 1-6; 145-1 at 6; ECF No. 145-8; ECF No. 145-9.  Claude Harris and Universal, however, failed to make timely payments in accordance with the Settlement Agreement and the Amended and Restated Cognovit Promissory Note, which resulted in 25400 Euclid filing a cause of action in the Cuyahoga Court of Common Pleas.  ECF No. 34 at 6.  As a result, the Cuyahoga Court of Common Pleas entered judgment against Claude Harris and Universal, both jointly and severally, in the amount of $743,770.00 together with statutory interest from the date of judgment.  ECF Nos. 145-1 at 7; 145-10.

2

(1:08CV01865)

Around the time that the Cuyahoga Court of Common Pleas entered judgment, Claude Harris transferred and/or encumbered Richmond Towers to numerous entities several times. ECF Nos. 34 at 8-14; 48-1 at 6; 145-1 at 8-13, 18-20; 146-1 at 12-19. The issues and sub-issues before the Court stem from Defendant Claude Harris' multiple transfers and/or encumbrances of the subject property.

Nevada LNV claims ownership of the property by virtue of a first priority lien on Richmond Towers created in favor of IndyMac Commercial Lending Corporation ("IndyMac") resulting from the filing of a mortgage executed by Claude Harris prior to 25400 Euclid's recording of its judgment lien against Claude Harris, as well as alternative priority lien theories. ECF No. 147.

Further, 25400 Euclid and the Pappas Family argue, albeit separately and for different reasons, that because Claude Harris transferred title to Richmond Towers and/or encumbered it many times, and all purportedly without authority and with the intent to defraud, those transfers–including the one at the root of the IndyMac mortgage–should be declared void. ECF Nos. 145-1; 146-1.

Emerald Glen has a unity of interest with Nevada LNV insofar as both assert that the IndyMac mortgage should be recognized as having priority over claims by 25400 Euclid and Pappas Family. ECF Nos. 147; 148-1. In the event that 25400 Euclid and Pappas Family should prevail, issues between Nevada LNV and Emerald Glen would continue to exist regarding claims of liability for negligence and breach of contract. ECF Nos. 147; 148-1.

3

(1:08CV01865)

## II. Standard of Review

A district court is require to conduct a *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1).[2]

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The

---

[2] "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

(1:08CV01865)

non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Id.* In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III. Analysis and Rulings

While the movants' briefs accurately recited the standard the Court must consider when deciding motions for summary judgment, they failed to properly and consistently apply the standard. Rather schizophrenically, the movants have written that undisputed facts support their

5

(1:08CV01865)

various positions while, simultaneously, arguing that material facts in genuine dispute prevent

summary judgment in favor of other movants.  *See* ECF Nos. 145-148; 207-210; 216-220.

Against this backdrop, there are limited opportunities to grant judgment as a matter of law.

  For the reasons articulated in the memoranda on which the parties rely in support of their

motions, the oppositions thereto and the Report and Recommendation and the objections

thereto,[3] the motion for summary judgment of Plaintiff/Third-Party Defendant 25400 Euclid

(ECF No. 145) and the cross-motions for summary judgment filed by Defendant/Third-Party

Plaintiff Nevada LNV (ECF No. 147) and Third-Party Defendant Emerald Glen (ECF No.148)

are denied in their entirety.

  Intervening Plaintiff Pappas Family, LLC's motion for summary judgment (ECF No.146)

is granted in favor of the Pappas Family and against Claude Harris regarding the judgment for

$350,000.00, breach of fiduciary duty, and unjust enrichment.  *See* ECF Nos. 48-1 (Pappas

Family's amended complaint; Counts III and V); 52; 146-1.

**A.**

  In its motion, the Pappas Family presented evidence that it owned eight percent (8%)

interest in Universal and Claude Harris was required to purchase that eight percent (8%) interest

on June 1, 2010 for $350,000.00–which Harris has not, to the Court's knowledge, yet done.  ECF

No. 146-1 at 14.  The docket reflects that Claude Harris did not oppose the Pappas Family's

---

  [3]  In ruling on a summary judgment motion, the trial court is only obliged to consider the
materials cited by the parties in the motion papers, albeit the court is free to conduct an
independent search of the record if it chooses.  *See* Fed. R. Civ. P. 56(c)(3).

(1:08CV01865)

motion for summary judgment; the due date for such a response has passed.[4]  While Nevada

LNV and Emerald Glen separately filed oppositions to the Pappas Family's motion for summary

judgment, neither party contested the Pappas Family's claims relating to the judgment for

$350,000.00.  ECF Nos. 163 at 11 ("[R]egardless of whether Plaintiff Pappas is owed $350,000

from Universal and/or Harris and/or if Plaintiff Pappas possesses an ownership interest in

Universal, such conclusions have no effect whatsoever on the Mortgage's first and best lien

position against the Property . . . ."); 164.  Having considered these positions, it is obvious that

the record as a whole "could not lead a rational trier of fact to find for the nonmoving

party,"Harris, and therefore there is no "genuine issue for trial."  *See Ricci v. DeStefano*, 129

S.Ct. 2658, 2677 (2009) (internal citations omitted).

    The mere fact that the moving party's summary judgment record is uncontested is not,

however, enough to grant summary judgment.  *Edwards v. Aguillard*, 482 U.S. 578, 595 (1987).

The Pappas Family can only prevail if judgment is also appropriate as a matter of law.  *Beard v.

Banks*, 548 U.S. 521, 529 (2006) (explaining judgment is appropriate as a matter of law when, in

the absence of a genuine dispute of material fact, the moving party should prevail).

    Judgment as to the Pappas Family's claims for breach of fiduciary duty and unjust

enrichment is appropriate as a matter of law.  Ohio law explains that "a limited-liability

company, like a partnership, involves a fiduciary relationship[;] [and] [t]hat relationship imposes

---

    [4]  It is well-established that the Court may rely on the facts presented by the movant in
evaluating an unopposed motion for summary judgment.  *See e.g.*, *Cacevic v. City of Hazel Park*,
226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399,
404-05 (6th Cir. 1992)).  Furthermore, Local Rule 7.1(g) expressly permits the Court to rule on
unopposed motions after the time for filing a response in opposition has expired.

(1:08CV01865)

on the members a duty to exercise the utmost good faith and honesty in all dealings and

transactions related to the company." *Blair v. McDonagh*, 177 Ohio App.3d 262, 277 (Ohio

App. 1 Dist. 2008) (internal citations omitted).  The record before the Court reflects that Claude

Harris did not exercise good faith in all dealings and transactions related to Universal and

Richmond Towers.  The Pappas Family explains:

> Harris never informed [the] Pappas Family of his intent to divest Universal of its
> sole asset for no consideration prior to its transfer of Richmond Towers.  And
> quitclaiming its sole asset to another company without any consideration alone
> demonstrates unfairness to Universal and its minority members.  But also consider
> that he never informs [the] Pappas Family that he was disposing of Universal's
> good will, or that he would be transferring Universal's sole asset to a company he
> solely held; nor did he inform [the] Pappas Family of the material facts as to the
> relationship between himself and CT Harris.  He made no attempt to seek
> approval for the transaction from the disinterested member, [the] Pappas Family
> prior to the transfer and no disinterested member was able to vote before Harris
> transferred the only company asset.  Harris Dep., at pp. 327-330.

ECF No. 146-1 at 12, 24-25.  Claude Harris' failure to disclose the "transaction's terms" to the

Pappas Family is a failure to exercise good faith in all dealings and transactions, and thus a

breach of his fiduciary duty.  *See* ECF No. 146-1 at 22.  Additionally, a claim for "unjust

enrichment" is defined as "the retention of money or benefits by one person that, in justice and

equity, belong to another."  *Lucio v. Safe Auto Ins. Co.,* 183 Ohio App.3d 849, 858 (Ohio App. 7

Dist. 2009).  Here, the record reflects that Claude Harris currently retains the Pappas Family's

eight percent (8%) monetary interest that, in justice and equity, belongs to the Pappas Family.

ECF No. 146-1 at 14, 24-25.  The Pappas Family is, therefore, entitled to judgment against Harris

for $350,000.00, plus interest and costs.

8

(1:08CV01865)

**B.**

The Pappas Family's remaining claims against Claude Harris are for declaratory judgment that Pappas Family is an eight-percent (8%) owner of Universal and still holds title to Richmond Towers, fraudulent transfer, and fraud–which were also unopposed by Claude Harris. ECF No. 146-1 at 14-24.  Other parties, Nevada LNV and Emerald Glen have, however, opposed Pappas Family's motion regarding the request for declaratory judgment that Pappas Family owns an eight percent (8%) interest in Universal; and Harris' liability for fraudulent transfer and fraud. *See* ECF Nos. 48-1 at 5-6, 8; 163; 164.  These oppositions have raised more than the specter of genuine issues in dispute.  The Pappas Family's motion is denied as to those claims.

**IV.  Conclusion**

For the reasons stated above, the Court denies Plaintiff/Third-Party Defendant 25400 Euclid Avenue, LLC's motion for summary judgment (ECF No. 145) and the cross-motions for summary judgment filed by Defendant/Third-Party Plaintiff Nevada LNV Corporation (ECF No. 147) and Third-Party Defendant Emerald Glen Title Agency, Ltd. (ECF No.148).  The Court grants judgment in favor of Intervening Plaintiff Pappas Family, LLC, in part, and rules that the Pappas Family is entitled to judgment in its favor and against Harris on the issues of breach of fiduciary duty, and unjust enrichment, and for $350,000.00, plus interest and costs.  The Pappas Family motion is denied as to all remaining claims (ECF No.146).

The Report and Recommendation is not adopted.  The objections are overruled as moot.

This matter is set for a Pretrial Conference on May 8, 2012 at 1:30, Chambers 313, United States Courthouse and Federal Building, 125 Market Street, Youngstown, Ohio.  All lead

9

(1:08CV01865)

counsel and clients must be in attendance.  Excuses will be granted for good cause only.


    IT IS SO ORDERED.


March 20, 2012                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

10